**PRICE LAW GROUP, APC**
David A. Chami, AZ #027585
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 866-881-2133
Fax: 866-401-1457
david@pricelawgroup.com
*Attorneys for Plaintiff Michael Lewis*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL LEWIS,<br><br>       Plaintiffs,<br>vs.<br><br>US COLLECTIONS WEST, INC.; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.];<br>2. THE FAIR DEBT COLLECTION PRACTICES ACT [15 USC § 1692 et. Seq.] |

## INTRODUCTION

**1.** Michael Lewis ("Plaintiff") brings this action to secure redress from US Collections West, Inc. ("US Collections") and Experian Information Solutions Inc. ("Experian") (herein collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq. and their agents for their illegal reporting on Plaintiff's credit report. Plaintiff also brings this action for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq.

COMPLAINT                                               1

# PARTIES

2. Plaintiff Michael Lewis (hereinafter "Plaintiff") is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Maricopa County, Arizona.

3. Defendant, US Collections engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b). US Collections also engages in the practice of debt collection and therefore is a "debt collector" as contemplated by 15 U.S.C. § 1692a(6). US Collection's principle place of business is located in Arizona. Defendant US Collections can be served through its registered agent at 2320 W. Peoria Ave., #C116, Phoenix, Arizona, 85029.

4. Defendant Experian is a *consumer reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

5. On information and belief, Defendant Experian disburses the *consumer reports* to third parties under contract for monetary compensation.

6. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

7. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 1681 & 1692.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendants transact business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

9. At the beginning of 2013, Plaintiff resided at the Parkside Apartments under a lease agreement which provided for rent payments bi-weekly (every other week).

10. Plaintiff paid his rent on-time according to the bi-weekly plan.

11. Plaintiff was charged a late fee for failing to pay on time according to the monthly payment plan, even though Plaintiff was on the bi-weekly plan.

12. On April 5, 2013, Plaintiff received a Notice of Intent to Terminate for Nonpayment from Parkside Apartments.

13. Plaintiff had discussions with the Parkside Apartments manager in an attempt to resolve the situation informally. However, Plaintiff and the manager were unable to come to an understanding.

14. Plaintiff disagreed with the late charges assessed, and thereafter moved out of the Parkside Apartments.

15. On April 11, 2013, Parkside Apartments filed a complaint in the North Mesa Justice Court (case no. CC2013-062421) and issued a summons to Plaintiff. The trial date was set for April 17, 2013.

16. On April 16, 2013, Parkside Apartments filed a voluntary dismissal with prejudice, indicating on the dismissal that the debt had been satisfied. (See attached Exhibit A, Notice of Dismissal with prejudice).

17. Despite the dismissal, Parkside Apartments assigned the alleged amount owed to a debt collector, Defendant US Collections.

18. In or around the summer of 2015, Plaintiff began looking to purchase a home.

19. Plaintiff began working with a local realtor and set out to get a mortgage preapproval.

COMPLAINT                                4

20. Upon running Plaintiff's credit report, Plaintiff learned that he would be unable to obtain a home loan while the US Collections account was reporting inaccurately on his credit file.

21. In or around January 2016, Plaintiff attempted to obtain financing for a household item (a mattress) which he believed would be easy to obtain.

22. Plaintiff was distraught and humiliated when he was rejected for credit and was forced to enter into a payment plan with the store.

23. On February 19, 2016 Plaintiff filed a dispute with Experian notifying them of the inaccurate reporting and attached a copy of the dismissal with Prejudice, asking that the collection account be deleted from his credit report.

24. In response, Experian sent reinvestigation results dated March 3, 2016 where in Experian continued to report the account and worse yet showed a balance owing of $1,084.00.

25. As a result of the Defendants conduct Plaintiff has suffered emotional distress and mental anguish related to the inaccurate reporting to his credit file.

26. As a result of the Defendants conduct Plaintiff has incurred cost related to initiating the dispute with Experian.

//

//

COMPLAINT 5

## FIRST CAUSE OF ACTION
**Defendant US Collections**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The FCRA requires a furnisher such as US Collections, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the consumer reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

29. US Collections has provided inaccurate information to the consumer reporting agencies.

30. Plaintiff notified Defendant Experian that his report concerning Defendant US Collections was inaccurate. Thereafter, the consumer reporting agency notified Defendant US Collections that Plaintiff was disputing the information it had furnished to the consumer reporting agencies.

31. Defendant US Collections violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

COMPLAINT 6

(a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) Willfully and negligently failing to review all relevant information concerning the US Collections account;

(c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all consumer reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the consumer reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

32. Defendant US Collection's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to

Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, as permitted by 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### Defendant Experian
### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

35. The Act further requires the consumer reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the consumer reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. §

1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the consumer reporting agency is required to "review and consider all relevant information submitted by the consumer."

36. Defendant Experian failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

37. Defendant Experian failed to review and consider all relevant information submitted by the Plaintiff.

38. Defendant Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

39. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

40. Defendant Experian's violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

### THIRD CAUSE OF ACTION
### DEFENDANT US COLLECTIONS
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692 et. Seq.

41. Plaintiffs incorporate herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

42. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

COMPLAINT 9

(a) Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i) Defendant violated 15 USC 1692e(2)(A), by falsely representing the character, amount or legal status of any debt;

(ii) Defendant violated 15 USC 1692e(10), by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(iii) Defendant violated 15 USC 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt. Specifically, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

43. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

44. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. §1692k and 1681

B. Actual damages pursuant to 15 U.S.C. §§ 1681n, o and 1692k(a)(1);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o as well as 15 U.S.C. 1692k(3);

D. Any pre-judgment and post judgment interest as may be allowed under the law; and

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 20th day of May, 2016,

        **PRICE LAW GROUP, APC**

        By: */s/David A. Chami*
        David A. Chami
        *Attorneys for Plaintiff Michael Lewis*